IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FLORIAN HOUENOU,<br>　　　　　Plaintiff,<br><br>v.<br><br>TEXAS WORKFORCE<br>COMMISSION, HENRI CHEN,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§　CIVIL NO. A-25-CV-1163-ADA-ML<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Before the court is Defendants Texas Workforce Commission and Henri Chen's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 8) and all related briefing.[1] After reviewing the pleadings and the relevant case law, and determining that a hearing is not necessary, the undersigned submits the following Report and Recommendation to the District Court.

### I. BACKGROUND[2]

Florian Houenou, pro se, filed this suit in state court, asserting that the Texas Workforce Commission ("TWC") and Henri Chen, a TWC employee, violated his state and federal rights by requiring him to show a photo ID before they would assist Houenou with unemployment benefits. Dkt. 1 at 14-18 (Compl.). Specifically, Houenou asserted claims for first, fourth, and fourteenth

---

[1] The motion was referred by United States District Judge Alan D Albright to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 2.

[2] The following factual recitation is taken from Plaintiff's Original Complaint, and all well pleaded facts are accepted as true at this stage of the litigation. Dkt. 1.

1

amendment violations and claims for negligence and gross negligence. *Id*. at 16-17. Houenou seeks $222,000 in damages. *Id*. at 17. Defendants removed the case on federal question jurisdiction.

Defendants now move for judgment on the pleadings under Rule 12(c) arguing Houenou's claims against TWC and Chen in his official capacity are barred by Eleventh Amendment immunity, Houenou's claims against Chen in his individual capacity are barred by qualified immunity, and because Houenou has failed to adequately plead any claims. Dkt. 8. Houenou responded to the motion, Dkt. 10, and Defendants filed a reply, Dkt. 13.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working

principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### III. ANALYSIS

#### A. Claims against TWC

TWC argues that the claims against it should be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment states:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). "Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The Texas Tort Claims Act ("TTCA") does contain a limited waiver of sovereign immunity, but that waiver only applies in state court. TEX. CIV. PRAC. & REM. CODE § 101.102(a) ("A suit under this chapter shall be brought in state court . . . ."); *Sherwinski v. Peterson*, 98 F.3d 849, 851–52 (5th Cir. 1996) ("the [Texas Tort Claims Act] waives sovereign immunity in state court only").

TWC is a state agency organized under the laws of the State of Texas. *See* TEX. LABOR CODE § 301.001. Accordingly, TWC is entitled to sovereign immunity for the claims asserted against it. Houenou does not dispute that TWC is entitled to sovereign immunity. Accordingly, all claims against TWC should be dismissed without prejudice for lack of subject matter jurisdiction.

**B. Claims against Chen**

1. <u>State Claims</u>

Defendants argue that the state-law claims against Chen should be dismissed under the election of remedies provision of the Texas Tort Claims Act ("TTCA"). The TTCA includes an election-of-remedies provision, which "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *see* TEX. CIV. PRAC. & REM. CODE § 101.106. The election-of-remedies statute provides:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or

4

> recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.
> . . . .
> (e)  If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.
> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(a),(b),(e),(f); *see Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017).  Tort claims against the government are brought under the TTCA even when the TTCA does not waive immunity for those claims.  *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) ("In *Franka*, [the Texas Supreme Court] held that, barring an independent statutory waiver of immunity, tort claims against the government are brought 'under this chapter [the TTCA]' for subsection (f) purposes even when the TTCA does not waive immunity for those claims."); *Franka v. Velasquez*, 332 S.W.3d 367, 379-80 (Tex. 2011); TEX. CIV. PRAC. & REM. CODE § 101.106(f).

TWC moved to dismiss the state claims against Chen. Dkt. 8 at 3-4. Accordingly, Chen is entitled to dismissal of these claims.

2. Federal Claims

Defendants also argue Chen is entitled to sovereign immunity. "The Eleventh Amendment bars suits by private citizens against a state in federal court. The bar applies not only to the state itself, but also protects state actors in their official capacities." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Houenou argues that Chen may be sued under the *Ex Parte Young* exception to sovereign immunity. However, under the *Ex Parte Young* exception, the Eleventh Amendment is

not a bar to suits for *prospective* relief against a state employee acting in his official capacity. *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 321–22 (5th Cir. 2008) (emphasis added). Thus, prospective injunctive or declaratory relief against a state official is permitted, but retrospective relief in the form of a money judgment in compensation for past wrongs is barred. *Id.* Because Houenou seeks money damages and not prospective relief, the *Ex Parte Young* exception does not apply to his claims. Accordingly, to the extent Chen is sued in his official capacity, he is immune from suit.

To the extent Chen is sued in his individual capacity, Defendants contend he is entitled to qualified immunity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). First, courts ask whether the facts, taken in the light most favorable to the plaintiffs, show the official's conduct violated a federal constitutional or statutory right. *Tolan v. Cotton*, 572 U.S. 650, 655-56 (2014) (per curiam). Second, courts ask whether right in question was "clearly established" at the time of the violation. *Id.* at 656. A court has discretion to decide which prong to consider first. *Id.*; *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (evaluating qualified immunity at the motion to dismiss stage). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Lytle v. Bexar Cty.*, 560 F.3d 404, 410 (5th Cir. 2009) (quotations omitted). "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S.

731, 741 (2011)). Courts should define the "clearly established" right at issue on the basis of the "specific context of the case," but at the same time "must take care not to define a case's 'context' in a manner that imports genuinely disputed factual propositions." *Tolan*, 134 S. Ct. at 1866. A plaintiff has the burden of overcoming the qualified immunity defense. *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

Houenou argues that the photo ID requirement was inconsistently applied and government benefits cannot be withheld arbitrarily. Dkt. 10 at 2. However, Houenou does direct the court to a case demonstrating that the right to seek government benefits without a photo ID was clearly established at the time of the event. Accordingly, Houenou has not overcome Chen's entitlement to qualified immunity.

## IV. RECOMMENDATIONS

For the reasons stated above, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants Texas Workforce Commission and Henri Chen's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 8) and **DISMISS** Houenou's Complaint. Specifically, Houenou's claims against TWC and Chen in his official capacity should be dismissed without prejudice for lack of subject matter jurisdiction. Houenou's claims against Chen in his individual capacity should be dismissed with prejudice for qualified immunity.

This recommendation disposes of all of Houenou's claims.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Sers. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

SIGNED October 27, 2025,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE